IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JERRY SHERLEY,

            Plaintiff,

v.

MUSKOGEE COUNTY EMS,

            Defendant.

Case No. 23-CV-241-JFH-GLJ

**OPINION AND ORDER**

Before the Court are the Motion to for Leave to File Sealed Document [Dkt. No. 24] and the Motion to Approve Settlement Agreement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 [Dkt. No. 25], filed by Plaintiff Jerry Sherley ("Plaintiff"). For the reasons set forth below, the motions are denied.

**BACKGROUND**

Plaintiff, an Emergency Medical Techician ("EMT"), brought this FLSA collective action, alleging that Muskogee County EMS ("MCEMS") failed to pay all the overtime wages owed to him and other similarly situated EMTs. Dkt. No. 2 at 1-4. Plaintiff claims that MCEMS calculated overtime wages based on EMTs' base hourly wages, instead of their regular hourly wages, which included a shift differential. *Id.* at 3.

On March 25, 2024, the parties notified the Court that they reached an agreement to resolve the case. Dkt. No. 20. On May 9, 2024, Plaintiff filed the current motions seeking leave to file the proposed settlement agreement under seal and seeking a court order approving the settlement. Dkt. No. 24; Dkt. No. 25. Under the proposed settlement agreement, MCEMS agrees to pay the gross settlement amount of $350,000 (including attorney's fees and costs, as well as administration expenses) for up to 130 putative class members. Dkt. No. 24-1 at 3-4.

This amount includes: (1) $192,800 in individual settlement awards to the putative class members (which represents 73% of each member's unpaid wages); (2) $140,000 in attorney's fees; (3) up to $7,200 in attorney's costs; and (4) $10,000 in administration expenses. Dkt. No. 24-1 at 3, 6-7, 15-16.

## DISCUSSION

### A. The FLSA

The FLSA was enacted to protect employees from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

The FLSA's statutory enforcement scheme "grants individual employees broad access to the courts." *Barrentine*, 450 U.S. at 740. Section 16(b) of the FLSA, which contains the principal enforcement provisions, permits an aggrieved employee to bring a statutory wage and hour claim "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The FLSA also provides that a collective action may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "An FLSA action does not become a collective action unless other plaintiffs affirmatively opt in, which is accomplished by giving consent in writing." *Oates v. Kinder Morgan Energy Partners, L.P.*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *1 (W.D. Okla. Jan. 18, 2022).

1. **Judicial Approval of FLSA Settlements**

Unlike class actions under Federal Rule of Civil Procedure 23, judicial approval of FLSA collective action settlement is not statutorily mandated. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019) (recognizing that nothing in the FLSA require judicial approval of FLSA settlements). Neither the Unites States Supreme Court nor the Tenth Circuit Court of Appeals has directly addressed the need for judicial approval of FLSA settlements. *See id.* at 405–06 (discussing Supreme Court cases concerning judicial approval of FLSA claims); *Hawthorn v. Fiesta Flooring, LLC*, No. 19-CV-019 WJ/SCY, 2020 WL 3085921, at *1 (D.N.M. June 10, 2020) (noting the Tenth Circuit has yet to rule on the need for judicial approval of FLSA settlements). And courts within the Tenth Circuit are split as to whether judicial approval of FLSA settlements is required. *Compare Oates*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *1 (holding that FLSA settlements require judicial approval); *Geist v. Handke*, No. 2:17-cv-02317-HLT, 2018 WL 6204592 (D. Kan. Nov. 28, 2018) (same) *with Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, at *2 (N.D. Okla. Jan. 4, 2019) (holding that FLSA settlements do not require judicial approval); *Fails v. Pathway Leasing LLC*, No. 18-cv-00308-CMA-MJW, 2018 WL 6046428 (D. Colo. Nov. 19, 2018) (same).

This split appears to stem from an Eleventh Circuit decision in which the court held that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355; *see also Fails*, No. 18-CV-00308-CMA-NYW, 2018 WL 6046428, at *2-*4 (describing origin of FLSA settlement approval split and current caselaw). A number of courts have declined to apply the *Lynn's Food* holding beyond the facts of that case.

*See Ruiz v. Act Fast Delivery of Colo., Inc.*, 14-cv-00870-MSK-NYW, 2017 WL 11545275, at *2 (D. Colo. Jan. 9, 2017) (recognizing that "*Lynn's Food's* requirement for judicial approval of voluntary settlements was driven by its facts—the employer overreached the employees in inducing them to settle unasserted and unevaluated claims for a small amount of money. The affected employees were largely unaware of the fact that they had rights under the FLSA, had not been advised by an attorney before signing the agreements; indeed, many did not speak English" and holding that parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the number of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances."). *See also Riley v. D. Loves Restaurants, LLC*, No. 20-1085 WJ/KK, 2021 WL 1310973, at *4 (D.N.M. Apr. 8, 2021) (concluding that "judicial approval is not required for private settlements of claims brought under the FLSA, where the parties' agreement resolves bona fide disputes regarding the amount of hours worked or compensation due rather than waiving or releasing the employee's substantive rights under the Act."); *Fails*, No. 18-CV-00308-CMA-NYW, 2018 WL 6046428, at *2-*4 (distinguishing *Lynn's Food* on its facts and concluding that "judicial review of bona fide FLSA disputes is not required.").

Nonetheless, judicial approval of FLSA settlements is appropriate in certain cases, "and there appears to be consensus that nothing precludes a court from engaging in a review." *Edwards v. Hudspeth & Assocs., Inc.*, No. 20-CV-02867-STV, 2021 WL 2255358, at *2 (D. Colo. May 26, 2021); *see Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) ("[W]hile there is disagreement over whether FLSA settlements *must* be approved by the [c]ourt, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the [c]ourt." (emphasis in original)).

4

In some cases, judicial review and approval of FLSA settlements serves to effectuate the purpose of the FLSA—to protect employees from substandard wages and excessive hours "due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). This is especially true when not all parties affected by the settlement are directly before the Court. *Lawson*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, *2; *Ruiz*, 14-cv-00870-MSK-NYW, 2017 WL 11545275, at *2 (recognizing that "judicial review of compromises is necessary where the parties affected are not directly before the court nor have they necessarily participated in the decision to settle."). The Court finds that review of the proposed settlement agreement is appropriate in this case because notice has not yet been made to all the putative class members, thus, not all the affected parties are before the court; nor have they had the opportunity to participate in the decision to settle their claims.

A Court reviewing an FLSA settlement agreement "must scrutinize the settlement for fairness." *Oakes v. 27 Biscuits, LLC*, No. 22-2395-JAR-TJJ, 2023 WL 6645261, at *1 (D. Kan. Oct. 12, 2023). To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* When FLSA a collective action is settled before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve the settlement.

The Tenth Circuit has approved a two-step approach in FLSA cases to determine whether plaintiffs are similarly situated for purposes of certifying a collective action. *Thiessen v. GE Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001)). In the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D.

5

Kan. 2004). The notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d 1095 at 1102 (internal quotation marks and citation omitted). At the final certification stage, the district court applies a stricter standard and reviews several factors to determine whether the opt-in plaintiffs are similarly situated, including: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions. *Id.* at 1103. If the Court certifies the class after considering these factors, the Court must then determine whether the litigation involves a "bona fide" dispute and whether the settlement is "fair and equitable to all parties concerned." *Oates*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *4.

Here, Plaintiff seeks final certification[1] of the class and approval of the settlement agreement. Dkt. No. 25 at 3-12. Plaintiff submits that after the court approves the proposed settlement agreement, the administrator will send a notice and consent form to each of the 130 putative class members. Dkt. No. 24-1 at 16; Dkt. No. 25 at 4. Those who return the consent form by the deadline will then be mailed checks containing their individual settlement awards. Dkt. No. 24-1 at 16.

This approach presents several problems. As noted above, an FLSA suit does not become a collective action until employees opt in to the suit. *Oates*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *1. The full scope of putative plaintiffs cannot be ascertained if they have not received notice of the lawsuit, something that can only happen once the Court

---

[1] The Court notes that Plaintiff argues for final certification of the class under the more lenient notice stage standard. Dkt. No. 25 at 3-4. However, because Plaintiff is requesting final certification of the class, approval of the settlement agreement, and dismissal of the case, the stricter standard for final certification applies. *See Thiessen*, 267 F.3d 1095 at 1103-4 (discussing the applicable standard for final certification).

conditionally certifies the class and approves the notice form. Moreover, the Court must make a final certification ruling before approving a collective action settlement. *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011). The Court cannot bypass the Tenth Circuit's two-step certification process when the case settles early. *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *4 (D. Kan. Jan. 29, 2019). Plaintiff's failure to provide putative class members with notice and an opportunity to opt in before seeking final approval of the proposed settlement also undermines the Court's ability to evaluate the appropriateness of final certification, the fairness of the settlement agreement, and the reasonableness of the fee award agreed upon by the parties.

Accordingly, the Court will not grant Plaintiff's motion for settlement approval at this time. To proceed with the settlement, Plaintiff should file a motion for conditional certification and approval of the proposed notice to the putative class members. Other courts have taken a similar approach. *See Oates*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *1 (collecting cases). After the opt-in period expires, Plaintiff may file a motion for final certification and approval of the settlement.

**2. Filing the Settlement Agreement Under Seal**

Plaintiff seeks leave to file the parties' proposed settlement agreement under seal. Dkt. No. 24. "[T]he district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (cleaned up). As previously stated, it is appropriate for the Court to evaluate the settlement in this case since not all affected parties are directly before the Court. *See Lawson*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, *2. The right to public access is apparent in FLSA actions in which the Court evaluates the settlement. *See Weismantle v. Jali*, No. 2:13-CV-

01087, 2015 WL 1866190, at *1-2 (W.D. Pa. Apr. 23, 2015) (collecting cases concluding "that when a federal court is asked to substantively consider the terms of an FLSA settlement and then approve it, as a general matter that agreement (which is at the heart of the Court's judicial activity) is not to be sealed.").

In requesting leave to file the proposed settlement agreement under seal Plaintiff primarily relies on the fact that the settlement agreement contains a confidentiality provision. Dkt. No. 24 at 1, 4.  However, that is not enough to justify filing under seal.  *See McGee v. Pilot Thomas Logistics, LLC*, No. 16-CV-02043-RM-MJW, 2017 WL 4679818, at *2 (D. Colo. Oct. 18, 2017) ("a party's interest in keeping the terms of their agreements confidential, standing alone, may be insufficient to outweigh the public's interest of access to court documents."); *Weismantle*, No. 2:13-CV-01087, 2015 WL 1866190, at *1 (holding that an FLSA agreement could not be filed under seal "absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view").

Plaintiff cites other cases in which courts allowed the sealing of FLSA settlements.  But "the overwhelming trend among courts is to refuse to seal FLSA settlement agreements absent a specific concern about confidentiality."  *Dolores v. BJS, Inc*., No. 17-2224-JWL, 2017 WL 4573311, at *1 (D. Kan. Oct. 13, 2017); *see also McGee*, 2017 WL 4679818, at *2 ("As for the argument that courts have frequently allowed FLSA agreements to be filed restricted, the same can be said otherwise.").

Plaintiff also asserts that keeping the proposed settlement agreement confidential would "protect sensitive financial information, including the amounts and identification of parties to the financial transactions that will occur under the agreement from public, world-wide disclosure

8

that could be used improperly." Dkt. No, 24 at 4. This argument "boil[s] down to a recitation of the parties' desire that the public not know their financial business" and does not convince the Court there will be any "potential disclosure of proprietary information distinct from the FLSA-related issues." *Weismantle*, 2015 WL 1866190, at *2; *see also McGee*, 2017 WL 4679818, at *3 (rejecting "conclusory" representation that "the settlement terms were derived from confidential facts concerning Defendant's business and employee wages.").

Lastly, Plaintiff argues that public interest is advanced by allowing the proposed settlement agreement to be sealed because doing so would "encourage[] settlement negotiations and agreements, and preserve judicial resources." Dkt. No. 24 at 4. This conclusory statement does not demonstrate that the stated interest would outweigh the right to access underlying the Court's task in approving an FLSA settlement. *See McGee*, 2017 WL 4679818, at *2 (noting that the parties failed to present evidence that allowing public access would discourage settlement and observing that "this contention may be contradicted by the fact that numerous FLSA settlement agreements contain no confidentiality provision, have been filed unrestricted, and/or have been filed redacted."). Accordingly, sealing the proposed settlement agreement is not warranted in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to for Leave to File Sealed Document [Dkt. No. 24] and Motion to Approve Settlement Agreement under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 [Dkt. No. 25] are DENIED.

Dated this 23rd day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE