IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JERRY SHERLEY,

                Plaintiff,

v.                                                                                          Case No. 23-CV-241-JFH-GLJ

MUSKOGEE COUNTY EMS,

                Defendant.

## OPINION AND ORDER

Before the Court is the Unopposed Motion for FLSA Notice ("Motion"), filed by Plaintiff Jerry Sherley ("Plaintiff"). Dkt. No. 32. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

Defendant Muskogee County EMS ("MCEMS") is an emergency medical service operating in Muskogee County. Dkt. No. 32 at 9. It employs EMTs to respond to emergencies and provide medical transportation. *Id.* Plaintiff filed this Fair Labor Standards Act ("FLSA") collective action, seeking to recover unpaid overtime he alleges Defendant Muskogee County EMS ("MCEMS") owes its paramedics, drivers, and dispatchers (collectively "EMTs"). Dkt. No. 2 at 1-4. Plaintiff alleges that between July 18, 2020 and October 31, 2023, MCEMS failed to include EMTs' shift differential pay in the rate for overtime pay, which resulted in less overtime pay than required by the FLSA. *Id.* at 3. The parties have reached a negotiated resolution. Dkt. No. 32-1. Their settlement agreement defines the Settlement Collective to include "any EMT employed by MCEMS who was paid by the hour . . . plus shift differential pay and who worked more than 40 hours in a workweek during the period from July 18, 2020 to October 31, 2023." Dkt. No. 32 at 9; Dkt. No. 32-1 at 4.

## DISCUSSION

### A. Conditional Certification of the Collective

The FLSA authorizes a plaintiff to bring a "collective action" for overtime wages on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Unlike in a class action under Federal Rule of Civil Procedure 23, parties are added to and bound by a FLSA collective action on an "opt-in" rather than "opt-out" basis. This requires the sending of an accurate and timely notice concerning the pendency of the action so that other "similarly situated" employees can make an informed decision about whether to join.

Courts within the Tenth Circuit have applied a two-step approach in determining if a collective action may be conditionally certified so that notice may issue. *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Madsen v. Sidwell Air Freight*, No. 1:23-cv-0008, 2024 WL 1160204, at *1–2 (D. Utah Mar. 18, 2024); *Kirkpatrick v. Greenix Holdings, LLC*, No. 2:23-cv-0033, 2024 WL 757158, at *3 (D. Utah Feb. 23, 2024); *Gifford v. Dr. Pizza, Inc.*, No. 22-cv-0707, 2023 WL 8376177, at *2 (D. Utah Dec. 4, 2023); *Flynn v. Colonial Management Group*, No. 1:23-cv-0128, 2023 WL 7165194, at *3–4 (D.N.M. Oct. 31, 2023); *Kovacs v. G4S Secure Sols. (USA) Inc.*, No. 20-CV-3180, 2022 WL 1402097, at *2 (D. Colo. Jan. 18, 2022); *see also James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 901 (D. Kan. 2021) (noting "the Tenth Circuit has approved a two-step approach for determining whether plaintiffs in a proposed opt-in collective action are 'similarly situated' "); *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 431 (D.N.M. 2018) (noting that "this Court and many district courts in the Tenth Circuit apply the two-step" approach).

Under the first step in this approach courts apply a lenient standard to determine whether the plaintiff has asserted "substantial allegations that the putative class members were together

victims of a single decision, policy, or plan," such that sending notice is appropriate. *See Thiessen*, 267 F.3d at 1102; *Madsen*, 2024 WL 1160204 at *2. The standard for conditional certification at the notice stage, then, "is a lenient one."[1] *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, at *3 (D. Kan. Mar. 28, 2011) (unpublished); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). At this stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015).

Here, Plaintiff's allegations—that between July 18, 2020 and October 31, 2023, MCEMS did not include shift differential pay in the calculation of overtime rates, which resulted in members of the Settlement Collective receiving less overtime pay than required by the FLSA— are sufficient to satisfy his burden to assert that the Settlement Collective members were "together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Accordingly, the Court finds that conditional certification of the Settlement Collective is appropriate.

---

[1] The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, which occurs after discovery is complete and often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (unpublished). The instant Motion requires the Court to determine only whether Plaintiff has satisfied the first step of the *Thiessen* two-step approach.

B. **Notice**

Plaintiff also moves the Court to approve his proposed form of notice [Dkt. No. 32-1 at 11-13] and allow him to provide notice to the members of the Settlement Collective over a period of 40 days. Dkt. No. 32 at 15; Dkt. No. 32-1 at 11-13.. In light of the Court's conclusion that conditional certification of a FLSA collective action is appropriate in this case, Plaintiff may disseminate notice and consent forms to the Settlement Collective. *See Hoffman–La Roche,* 493 U.S. at 169–70. Upon review of the proposed form of notice, the Court finds that the notice is fair and accurate and no alterations to the notice are necessary. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) (quoting *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (unpublished) ) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary."). The Court also finds that the requested 40-day notice period, to which there is no objection, is reasonable under the circumstances.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Unopposed Motion for FLSA Notice [Dkt. No. 32] is GRANTED.
2. The Settlement Collective as defined in the parties' settlement agreement is conditionally certified.
3. Plaintiff's proposed notice is approved.
4. Plaintiff is authorized to send notice to members of the Settlement Collective during a period of 40 days.

5

Dated this 21st day of November 2024.

                                                 JOHN F. HEIL, III
                                                 UNITED STATES DISTRICT JUDGE